# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 4, 2014

## MACK TRANSOU v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Madison County**
**No. C-14-41      Roy B. Morgan, Jr., Judge**

---

**No. W2014-00537-CCA-R3-ECN - Filed December 12, 2014**

---

The petitioner, Mack Transou, appeals from the dismissal of his second coram nobis petition, some of which appears to be repackaged claims from his previous post-conviction attacks on his sentences, with others not cognizable for coram nobis relief. The coram nobis court concluded that his petition was without merit, and we concur. Accordingly, we affirm the denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Mack Transou, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

We first will set out the petitioner's lengthy history in the Tennessee court system, for this appeal appears to combine issues which he litigated in previous proceedings,[1] ranging from his direct appeal through numerous post-conviction proceedings. In its order dismissing the petition, the coram nobis court summarized the underlying procedural facts:

This case is procedurally complex; due in large part to the petitioner's

---

[1] In his pleadings, the petitioner states this is his second request for coram nobis relief.

numerous and varied *pro se* motions and pleadings in which he repeatedly raises the same claims. The petitioner was convicted in separate jury trials of aggravated burglary and rape based on a December 23, 2001 criminal episode involving one victim; see State v. Mack T. Transou, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at [*]1 (Tenn. Crim. App. May 13, 2005), perm. to appeal granted (Tenn. Oct. 3, 2005), and of rape and sexual battery based on a March 17, 2002 episode involving a different victim. See State v. Mack T. Transou, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859, at [*]1 (Tenn. Crim. App. June 30, 2005), perm. to appeal granted (Tenn. Oct. 3, 2005). Our supreme court set out the background of the cases in the consolidated appeal in which it affirmed the petitioner's convictions and sentences:

> Defendant Mack Transou was convicted in 1999 of the Class E felony offense of driving after being declared a motor vehicle habitual offender. See [Tenn. Code Ann.] §§ 55-10-613(a), 55-10-616(b). The offense date was May 14, 1997. Transou was subsequently incarcerated for his infraction. During intake processing at the prison, Transou signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS. Transou's DNA profile was eventually matched to profiles developed from forensic evidence obtained in two unsolved crimes: the reported rape of S.K. in December 2001 and the reported rape of C.T. in March 2002. Transou was subsequently charged with both sets of offenses. In both cases he filed a motion to suppress the evidence obtained pursuant to the 1999 blood draw taken while he was in prison.

State v. Scarborough, 201 S.W.3d 607, 612 (Tenn. 2006) (footnote omitted). In affirming the convictions and sentences, our supreme court held that the petitioner "consented to having his blood drawn; that the evidence is sufficient to support [his] convictions of rape and aggravated burglary; and that his sentences for those crimes are valid." Id. at 611.

On August 1, 2005, while his direct appeal was still pending, the petitioner filed a petition for post-conviction relief from his 2003 convictions for aggravated burglary and rape, alleging that his DNA profile linking him to the crimes had been illegally obtained and that he was denied pretrial jail credits that would have resulted in the expiration of his sentence prior to the

time that his blood was drawn. On August 31, 2005, the post-conviction court entered an order summarily dismissing the petition on the basis that the DNA issue had been previously determined and a post-conviction petition was not the appropriate avenue for challenging the calculation of pretrial jail credits that had been awarded toward the petitioner's sentence in an unrelated case. There is nothing in the record to show that the petitioner ever filed a direct appeal of the post-conviction court's order of dismissal.

On May 16, 2008, the petitioner filed a petition to reopen the August 2005 post-conviction petition in which he essentially reiterated the same arguments he had raised in the original petition. He also asserted that he had appealed the post-conviction court's August 31, 2005 order denying the post-conviction petition to this court but had heard nothing in response. On May 28, 2008, the post-conviction court entered an order dismissing the petition to reopen, finding, among other things, that the petitioner had failed to comply with the statutory requirements for filing a motion to reopen a post-conviction petition and that the petitioner's allegations regarding the DNA evidence had been previously litigated and decided on appeal. The court further found that the petition could not be treated as a petition for writ of error coram nobis because the statute of limitations had long since expired. On June 2, 2008, the petitioner filed a notice of appeal document in the post-conviction court. On February 10, 2009, this court entered an order dismissing the appeal on the basis that the petitioner had failed to comply with the statutory requirements governing review of a denial of a motion to reopen.

On July 6, 2009, the petitioner filed a second motion to reopen his post-conviction petition. There is nothing else in the record with respect to his second motion.

On June 3, 2010, the petitioner filed a "Motion to Reconsider Post-Conviction Or In the Alternative, Petition For A Delayed Appeal," in which he again challenged the legality of the blood draw from which his DNA profile had been obtained. On June 14, 2010, the post-conviction court entered a detailed written order in which it dismissed the motion. Among other things, the court found that the petitioner was "simply attempting to re-litigate issues" that had been previously determined or waived and that he "ha[d] in no way been denied any appeal." On June 17, 2010, the petitioner filed a notice of appeal to the trial court. This motion was denied and the Court's denial of the motion was affirmed in Transou v. State, [No. W2010-01313-CCA-R3-PC, 2011 WL 1220398, at *3 (Tenn. Crim. App. Mar. 31,

2011), perm. app. denied (Tenn. July 15, 2011)].

In January 2012, the [p]etitioner filed a third petition for writ of habeas corpus in which he contended "the judgments regarding the probation revocation proceedings occurring on the dates of July 29, 1999 and July 17, 2000 were illegal and void." He also maintained the State violated his constitutional rights by subjecting him to DNA testing when he was incarcerated following the revocation proceedings. The [p]etitioner acknowledged that the petition was his third "in which he concedes to raising issues similar to those as included herein."

On January 26, 2012, the trial court entered an order dismissing the petition. The trial court found that the [p]etitioner failed to attach a copy of the judgment causing restraint, that he did not show that his sentence was illegal, and that the issues raised have been previously determined. The denial of the petition was affirmed on appeal. Transou v. Barbee, [No. W2012-00258-CCA-R3-HC, 2012 WL 1813115, at *3 (Tenn. Crim. App. May 17, 2012), perm. app. denied (Tenn. Sept. 19, 2012)].

The coram nobis court dismissed the petitioner's second try for coram nobis relief, and he appeals that action. In this petition, at least on appeal, it appears that he again presents challenges to the taking of DNA samples from him, resulting in rape charges and convictions; to irregularities or fraud in the grand jury proceedings; to ineffective assistance of counsel prior to the disposition of the indictments against him; to erroneous rulings of the trial court; to suppression of evidence by the State; and to a multitude of other irregularities, all of which, combined, amount to "newly discovered" evidence. As we understand, the petitioner made these discoveries after obtaining, through the Tennessee Open Records Act, various records relating to his convictions. The coram nobis court dismissed the petition, concluding that the issues raised had been previously determined and that the "new evidence," the alleged irregularities in the grand jury process, could have been discovered by the petitioner any time since 2002, some twelve years before he filed his coram nobis petition.

The record on appeal supports the determinations by the coram nobis court. Twelve years after the court records regarding his convictions became public, he made these claims regarding alleged irregularities as well as repeated other claims which, previously, were determined to be without merit. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence

-4-

does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE